**UNITED STATES COURT OF INTERNATIONAL TRADE**

ROAM ADVENTURE CO. and PRESTIGE WORLDWIDE MANUFACTURING LLC,

Plaintiffs,

v.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection,

Defendants.

Court No. 26-04691

**COMPLAINT**

---

Plaintiffs Roam Adventure Co. and Prestige Worldwide Manufacturing LLC ("Plaintiffs"), by and through its undersigned counsel, alleges as follows:

## INTRODUCTION

1. Plaintiffs bring this action to recover tariffs and duties imposed and collected under a series of Executive Orders that invoked the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, as authority to impose duties on imported merchandise (the "IEEPA Duties").

2. Plaintiffs are the importers of record for merchandise entered into the United States on which IEEPA Duties were assessed and paid. Plaintiffs seek relief for all entries on which Plaintiff paid IEEPA Duties and for which Plaintiffs have not received complete relief, including all required refunds and statutory interest.

3. On February 20, 2026, the Supreme Court held that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026). The Supreme Court affirmed the Federal Circuit's judgment in *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), and confirmed that challenges to IEEPA-based tariff measures fall within this Court's exclusive jurisdiction. *Id*. at 5 n.1.

4. The legal basis asserted for the IEEPA Duties has been conclusively rejected. Plaintiffs nevertheless have not received complete relief. Administrative refund efforts do not presently guarantee a complete refund, with all required interest, for every entry on which Plaintiffs paid IEEPA Duties, including entries in all liquidation postures and entry types.

5. This action is accordingly necessary to secure Plaintiffs' own judgment and complete relief. Plaintiffs seek an order directing Defendants to liquidate unliquidated entries without IEEPA Duties, reliquidate liquidated entries without IEEPA Duties, refund all IEEPA Duties collected from Plaintiffs that have not already been refunded, pay statutory interest, and provide such further relief as this Court deems appropriate. Nothing in this Complaint challenges any administrative process through which Defendants may voluntarily provide complete relief; Plaintiffs seek only such judicial relief as is necessary to ensure complete relief for every entry.

## PARTIES

6. Plaintiffs Roam Adventure Co. and Prestige Manufacturing LLC are Arizona corporations with a principal place of business in Lakeside, Arizona. Plaintiffs import camping equipment from China and are the importers of record for merchandise on which IEEPA Duties were assessed and paid.

7. Defendant United States of America received the disputed IEEPA Duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

8. Defendant United States Customs and Border Protection ("CBP") is an agency of the United States Department of Homeland Security. CBP administers and collects duties, fees, and taxes on imported merchandise, including the IEEPA Duties collected from Plaintiff.

9. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

## JURISDICTION, STANDING, AND TIMELINESS

10. This Court has subject-matter jurisdiction under 28 U.S.C. § 1581(i)(1)(B) and (D) because this action is commenced against the United States, its agency, and its officer and arises out of laws providing for tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than raising revenue, and the administration and enforcement of those matters.

11. The Supreme Court has confirmed that challenges to the IEEPA tariff measures fall "within the exclusive jurisdiction of" this Court. *Learning Resources*, slip op. at 5 n.1.

12. This Court has all the powers in law and equity of, or as conferred by statute upon, a United States district court. 28 U.S.C. § 1585.

13. In any civil action within its jurisdiction, this Court may enter a money judgment against the United States and may order any other form of relief appropriate in a civil action, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

14. Plaintiff has standing under Article III and 28 U.S.C. § 2631(i) because Plaintiff is the importer of record for merchandise on which IEEPA Duties were assessed and paid. Plaintiff has suffered concrete economic injury from the unlawful collection and retention of those duties. The relief requested in this action would redress that injury.

15. This action is timely under 28 U.S.C. § 2636(i), which requires actions under 28 U.S.C. § 1581(i) to be commenced within two years after the cause of action first accrues. Plaintiff commenced this action within two years of the Executive Orders imposing the IEEPA Duties and within two years of Plaintiff's payment of IEEPA Duties.

## FACTUAL BACKGROUND

### I. The IEEPA Tariff Orders

16. Beginning in February 2025, the President issued a series of Executive Orders invoking IEEPA as authority to impose duties on imports from numerous countries.

17. On February 1, 2025, the President issued Executive Orders imposing additional duties on imports from Canada, Mexico, and China. Those orders relied on IEEPA and national-emergency declarations concerning illicit drugs, border security, and related matters.

18. Those initial orders included Executive Order 14193, *Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9113; Executive Order 14194, *Imposing Duties to Address the Situation at Our Southern Border*, 90 Fed. Reg. 9117; and Executive Order 14195, *Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9121.

19. The President subsequently modified those measures, including by increasing the additional duty rate on certain China-origin goods to 20 percent through Executive Order 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11463.

20. On April 2, 2025, the President issued Executive Order 14257, *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15041. That order imposed a baseline additional duty on imports from nearly all trading partners and additional country-specific rates on numerous countries.

21. The President subsequently issued additional Executive Orders modifying, suspending, increasing, decreasing, or otherwise administering IEEPA-based duty rates, including orders affecting reciprocal tariffs and country-specific tariffs.

22. The Executive Orders and modifications described above, together with all related IEEPA-based tariff measures under which Plaintiff paid IEEPA Duties, are referred to in this Complaint as the "Challenged Tariff Orders."

23. The Challenged Tariff Orders directed modifications to the Harmonized Tariff Schedule of the United States ("HTSUS") and required importers, including Plaintiff, to enter merchandise under Chapter 99 tariff provisions corresponding to the IEEPA Duties.

24. CBP assessed and collected IEEPA Duties from Plaintiff pursuant to the Challenged Tariff Orders and the resulting HTSUS provisions.

**II. Liquidation and Reliquidation**

25. When goods enter the United States, the importer of record deposits estimated duties, taxes, and fees based on the entry documentation, including the merchandise classification, value, and country of origin. *See* 19 U.S.C. § 1484.

26. CBP is responsible for assessing and collecting duties on imported merchandise and determining the final amount owed. *See* 19 U.S.C. §§ 1500, 1502.

27. Liquidation is the final computation or ascertainment of duties on an entry. *See* 19 C.F.R. § 159.1.

28. Unless extended or suspended, liquidation generally occurs within one year after entry. *See* 19 U.S.C. § 1504(a). CBP's ordinary automated process liquidates many entries approximately 314 days after entry.

29. After liquidation, an importer may file a protest within 180 days if the challenged action is protestable. *See* 19 U.S.C. § 1514. But where CBP acts ministerially and lacks discretion to disregard a tariff directive, protest jurisdiction is unavailable or inadequate for challenges to the legality of the underlying tariff measure. *See Rimco Inc. v. United States*, 98 F.4th 1046, 1053 (Fed. Cir. 2024).

30. This Court has recognized its authority under 28 U.S.C. § 1581(i) to order reliquidation and refunds where the government has unlawfully exacted duties, including in IEEPA-tariff cases.

**III. The Supreme Court Held that IEEPA Does Not Authorize Tariffs**

31. On April 14, 2025, importers filed *V.O.S. Selections, Inc. v. Trump*, challenging the President's authority to impose IEEPA-based duties. This Court held that IEEPA did not authorize the challenged tariff measures.

32. The Federal Circuit, sitting *en banc*, affirmed the judgment that IEEPA did not authorize the challenged tariffs. *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025).

33. The Supreme Court granted review in V.O.S. Selections and in Learning Resources, Inc. v. Trump, a related case concerning IEEPA-based tariffs.

34. On February 20, 2026, the Supreme Court held that "IEEPA does not authorize the President to impose tariffs*." Learning Resources*, slip op. at 20.

35. The Supreme Court explained that the question presented was whether IEEPA's authorization to "regulate . . . importation" embraces the power to impose tariffs. *Id.* at 16. The Court held that it does not. *Id.*

36. The Supreme Court affirmed the Federal Circuit's judgment in *V.O.S. Selections*. The legal basis asserted for the Challenged Tariff Orders was therefore invalid as a matter of binding precedent.

**IV. The Government Represented that Refunds and Reliquidation Would Remain Available**

37. During the IEEPA-tariff litigation, the United States repeatedly represented to courts that refunds and reliquidation would remain available if the IEEPA Duties were ultimately held unlawful.

38. In *V.O.S. Selections*, the government represented that if duties imposed during the appeal were ultimately held unlawful, the government would issue refunds to the plaintiffs, including any post-judgment interest that accrued. *Emergency Motion for a Stay Pending*

*Appeal and an Immediate Administrative Stay* at 25, *V.O.S. Selections Inc. et al. v. Trump et al.*, 149 F.4th 1312 (Fed. Cir. 2025) (Nos. 2025-1812, 2025-1813).

39. In *Princess Awesome, LLC v. U.S. Customs and Border Protection*, the government represented that it would not object to this Court reliquidating entries subject to IEEPA Duties if those duties were found unlawful. *Princess Awesome, LLC v. U.S. Customs and Border Protection, et al.*, No. 25-078, ECF No. 16 at 12 n.4 (Ct. Int'l Trade May 23, 2025).

40. In *Learning Resources*, the government similarly represented that it would not oppose reliquidation of entries subject to IEEPA Duties paid by plaintiffs if such duties were ultimately found unlawful after appeal. *See Learning Resources, Inc. v. United States*, No. 1:25-cv-01248-RC, ECF No. 41 at 13 (D.D.C. June 2, 2025). In the same filing, the government represented that a prevailing importer-plaintiff "will assuredly receive payment on their refund with interest." *Id.*

41. In *Strato Technology Solutions, LLC v. United States*, the government represented that defendants had committed to refund challenged duties paid by plaintiff importers if the duties were found unlawful once there was a final, unappealable court decision ordering refunds to plaintiffs. *Strato Technology Solutions, LLC v. United States et al.*, No. 25-322, ECF No. 14 at 4 (Ct. Int'l Trade).

42. In *AGS Company Automotive Solutions v. U.S. Customs and Border Protection*, this Court recognized that the government had taken the unequivocal position that liquidation would not affect the availability of refunds after a final decision in V.O.S. and that the government would be judicially estopped from assuming a contrary position. *AGS Co.*

*Automotive Sol. v. U.S. Customs and Border Protection, et al.*, No. 25-00255 (Ct. Int'l Trade Dec. 15, 2025).

43. Those representations were made to obtain or avoid judicial relief while the merits of the IEEPA tariff challenges were pending. Having obtained the benefit of those representations, Defendants may not now oppose this Court's authority to order liquidation, reliquidation, refunds, and interest sufficient to make Plaintiff whole.

**V. Plaintiff Paid IEEPA Duties and Has Not Received Complete Relief**

44. Plaintiff imported merchandise subject to the Challenged Tariff Orders and entered that merchandise under HTSUS provisions implementing the IEEPA Duties.

45. Plaintiff paid IEEPA Duties on numerous entries of imported merchandise.

46. Plaintiff's entries include entries requiring liquidation, reliquidation, and other judicial relief to ensure complete refunds with statutory interest. *See* 19 U.S.C. § 1505; 19 C.F.R. § 24.36(a)(1); *Pollak Import Export Corp. v. United States*, 16 C.I.T. 58, 64 (1992).

47. Plaintiff does not plead individual entry numbers or a total dollar amount because Plaintiff's claim concerns all entries on which Plaintiff paid IEEPA Duties and for which complete relief has not been provided. Entry-specific information is available from CBP's records and Plaintiff's import records and can be identified as necessary in the implementation of any judgment.

48. Although administrative refund efforts are underway, Plaintiff has not received complete relief as to all entries subject to this action.

49. The government has represented that certain importers must obtain an order from this Court before CBP may issue refunds for some categories of entries. *See Atmus Filtration, Inc. v. United States*, No. 1:26-cv-01259-RKE (Ct. Int'l Trade Mar. 4, 2026) (hearing)

(statement of counsel for Defendants) ("It is not our position that every single importer will get a refund. Our position is that you have to file a claim in this court."). The government has further represented that CBP "has no authority to reliquidate or refund money without a court order" for entries that are finally liquidated, and that refunds for such entries "must be handled through importer-specific orders." *Defendants' Motion to Amend Order* at 2–3, *V.O.S. Selections, Inc. v. United States*, No. 25-00066 (Ct. Int'l Trade May 29, 2026).

50. This action is therefore necessary to preserve and obtain complete judicial relief for every entry for which Plaintiff has not received a full refund of IEEPA Duties with all interest required by law.

51. To the extent any administrative process provides a complete refund with all required interest for particular entries, Plaintiff's claims as to those entries will be correspondingly satisfied. This action seeks relief for all remaining entries for which complete relief has not been provided.

## CLAIMS FOR RELIEF

## COUNT I

### The Challenged Tariff Orders Are Ultra Vires and Unlawful

52. Plaintiff incorporates the preceding paragraphs by reference.

53. The Challenged Tariff Orders purported to impose duties and modify the HTSUS pursuant to IEEPA.

54. The Supreme Court held in *Learning Resources* that IEEPA does not authorize the President to impose tariffs.

55. Because IEEPA does not authorize tariffs, the Challenged Tariff Orders exceeded the President's statutory authority and were ultra vires and unlawful as applied to Plaintiff.

56. CBP's assessment, collection, liquidation, and retention of IEEPA Duties from Plaintiff pursuant to the Challenged Tariff Orders were likewise unlawful.

57. Plaintiff is entitled to relief requiring Defendants to liquidate unliquidated entries without IEEPA Duties, reliquidate liquidated entries without IEEPA Duties, refund all IEEPA Duties collected from Plaintiff that have not already been refunded, and pay all interest required by law.

## COUNT II

### Declaratory and Equitable Relief

58. Plaintiff incorporates the preceding paragraphs by reference.

59. An actual controversy exists concerning Plaintiff's right to complete relief for IEEPA Duties unlawfully assessed and collected pursuant to the Challenged Tariff Orders.

60. This Court may declare the rights and legal relations of the parties under 28 U.S.C. § 2201 and may grant appropriate equitable relief under 28 U.S.C. §§ 1585 and 2643(c)(1).

61. Plaintiff is entitled to a declaration that the Challenged Tariff Orders were unlawful as applied to Plaintiff and that Defendants lack authority to retain IEEPA Duties collected from Plaintiff pursuant to those orders.

62. Plaintiff is further entitled to appropriate equitable relief, including liquidation and reliquidation without IEEPA Duties and refunds with all interest required by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and grant the following relief:

a. Declare that IEEPA did not authorize the Challenged Tariff Orders as applied to Plaintiff;

b. Declare that Defendants lack authority to retain IEEPA Duties collected from Plaintiff pursuant to the Challenged Tariff Orders;

c. Order CBP to liquidate all unliquidated entries on which Plaintiff paid IEEPA Duties without assessment of IEEPA Duties;

d. Order CBP to reliquidate all liquidated entries on which Plaintiff paid IEEPA Duties without assessment of IEEPA Duties, including finally liquidated entries to the extent necessary to effectuate complete relief;

e. Order the United States to refund all IEEPA Duties collected from Plaintiff that have not already been refunded;

f. Order the United States to pay all interest required by law on refunded IEEPA Duties;

g. Enjoin Defendants from liquidating, reliquidating, or otherwise administering Plaintiff's entries in a manner that includes assessment or retention of IEEPA Duties;

h. Award Plaintiff its costs, including attorneys' fees, and such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: October 21, 2026

*/s/ Matthew A. Seligman*

Matthew A. Seligman
Grayhawk Law, P.C.
3015 Main Street, Suite 330
Santa Monica, CA 90405
Tel: (310) 571-5993
matthew@grayhawklaw.com

*Counsel for Roam Adventure Co. and Prestige Manufacturing LLC*